IS A RURAL ELECTRIC COOPERATIVE WHICH RECEIVES ELECTRICITY THROUGH A WHOLESALE COOPERATIVE FROM SOME SOURCE OTHER THAN THE GRAND RIVER DAM AUTHORITY AND RECEIVES NO ELECTRICITY DIRECTLY OR INDIRECTLY FROM THE GRAND RIVER DAM AUTHORITY ENTITLED TO A REPRESENTATIVE ON THE GRAND RIVER DAM AUTHORITY BOARD OF DIRECTORS' NOMINATING COMMITTEE PURSUANT TO THE PROVISIONS OF 82 O.S. 863 OF TITLE 82 OF THE OKLAHOMA STATUTES?
YOUR QUESTION MAY BE ANSWERED THROUGH APPLICATION OF RULES OF STATUTORY CONSTRUCTION AND THIS OFFICE HAS DETERMINED THAT THE SAME SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE GRAND RIVER DAM AUTHORITY ("GRDA") IS GOVERNED BY A SEVEN-MEMBER BOARD OF DIRECTORS (THE "BOARD"). 82 O.S. 863 (1991). THE DIRECTORS ARE SELECTED IN A TWO-STEP PROCESS. FIRST, THE NOMINATING COMMITTEE CHOOSES THREE CANDIDATES FOR EACH OPEN DIRECTOR SLOT. SECOND, THE GOVERNOR, WITH THE ADVICE AND CONSENT OF THE SENATE, APPOINTS ONE OF THE NOMINEES TO SERVE AS A DIRECTOR ON THE BOARD.
THE COMPOSITION OF THE NOMINATING COMMITTEE IS SET FORTH IN 863 OF TITLE 82 OF THE OKLAHOMA STATUTES. THE STATUTE PROVIDES THAT THE NOMINATING COMMITTEE SHALL CONSIST OF REPRESENTATIVES OF A NUMBER OF GRDA CUSTOMERS. FOR EXAMPLE, 82 O.S. 863(A)(1) AUTHORIZES EACH MUNICIPAL CUSTOMER OF THE GRDA TO SEAT A REPRESENTATIVE ON THE NOMINATING COMMITTEE. ONE CATEGORY OF CUSTOMERS FOR WHICH 863 ALSO AUTHORIZES REPRESENTATION IS
"EACH RURAL ELECTRIC COOPERATIVE CUSTOMER OF THE GRAND RIVER DAM AUTHORITY, INCLUDING ANY RURAL ELECTRIC COOPERATIVE RECEIVING ITS ELECTRICITY FROM ANY WHOLESALE COOPERATIVE(.)"
82 O.S. 863(A)(2).
IN CONSTRUING THE LANGUAGE OF A STATUTE, THE FUNDAMENTAL GOAL IS TO ASCERTAIN AND, IF POSSIBLE, GIVE EFFECT TO THE INTENTION AND PURPOSE OF THE LEGISLATURE. JACKSON V. INDEPENDENT SCHOOL DISTRICT NO. 16 OF PAYNE CO., 648 P.2D 26 (OKLA.1982). THE LEGISLATIVE INTENT IS TO BE ASCERTAINED FROM THE WHOLE ACT IN LIGHT OF ITS GENERAL PURPOSE AND OBJECT. MIDWEST CITY V. HARRIS, 561 P.2D 1357 (OKLA.1977). IN ASCERTAINING THE LEGISLATIVE INTENT, THE STATUTORY LANGUAGE IS TO BE GIVEN A REASONABLE CONSTRUCTION. UDALL V. UDALL, 613 P.2D 742 (OKLA.1980). CONSTRUCTIONS WHICH WOULD LEAD TO ABSURDITY ARE TO BE AVOIDED; RATHER, THE LANGUAGE IS TO BE READ IN A RATIONAL MANNER. CITY OF NORMAN V. LIDELL, 596 P.2D 879 (OKLA.1979).
IN REVIEWING 82 O.S. 863, IT IS CLEAR THAT THE LEGISLATURE INTENDED TO CREATE A SYSTEM BY WHICH CERTAIN GRDA CUSTOMERS ARE ALLOWED TO PARTICIPATE IN THE SELECTION OF DIRECTORS AND, THEREBY, RECEIVE INDIRECT REPRESENTATION ON THE BOARD. WITH RESPECT TO RURAL ELECTRIC COOPERATIVES, IT IS CLEAR THAT THE LEGISLATURE INTENDED TO INCLUDE THESE ENTITIES WITHIN THIS SYSTEM. THE RURAL ELECTRIC COOPERATIVES WHICH ARE, PURSUANT TO 863, PERMITTED TO PLACE A REPRESENTATIVE ON THE NOMINATING COMMITTEE, ARE:
 "(1) RURAL ELECTRIC COOPERATIVES WHICH ARE THE DIRECT CUSTOMERS OF GRDA; AND
 (2) RURAL ELECTRIC COOPERATIVES WHICH ARE THE INDIRECT CUSTOMERS OF GRDA IN THAT THEY RECEIVE THEIR ELECTRICITY FROM GRDA THROUGH A WHOLESALE COOPERATIVE."
ONE MIGHT READ THE LANGUAGE "INCLUDING ANY RURAL ELECTRIC COOPERATIVE RECEIVING ITS ELECTRICITY FROM ANY WHOLESALE COOPERATIVE" AS NOT INCLUDING THE "CUSTOMER" REQUIREMENT. SUCH AN INTERPRETATION WOULD BE INCORRECT. ELIMINATION OF THE CUSTOMER REQUIREMENT WOULD BE INCONSISTENT WITH THE STRUCTURE OF THE STATUTE WHICH LIMITS ALL OTHER AUTHORIZED GROUPS TO CUSTOMERS. SUCH AN INTERPRETATION WOULD LEAD TO ABSURDITY FOR IT WOULD, LITERALLY, MEAN THAT EVERY SUCH COOPERATIVE WOULD HAVE A VOICE IN THE GOVERNANCE OF GRDA, REGARDLESS OF WHETHER THE ENTITY HAD ANY RELATIONSHIP TO GRDA OR EVEN THE STATE OF OKLAHOMA (FOR INSTANCE, A RURAL ELECTRIC COOPERATIVE LOCATED IN MAINE, WHICH RECEIVED ITS ELECTRICITY FROM A WHOLESALE COOPERATIVE). RATHER, THE MOST REASONABLE CONSTRUCTION OF THE ABOVE QUOTED LANGUAGE AND, THEREFORE, THE PREFERRED READING, SEE LIDELL, SUPRA., IS ONE WHICH MANDATES THAT A RURAL ELECTRIC COOPERATIVE THAT RECEIVES ELECTRICITY FROM A WHOLESALE COOPERATIVE, BUT DOES NOT RECEIVE ELECTRICITY, DIRECTLY OR INDIRECTLY, FROM THE GRAND RIVER DAM AUTHORITY, IS NOT ENTITLED TO PLACE A REPRESENTATIVE ON THE GRAND RIVER DAM AUTHORITY BOARD OF DIRECTORS' NOMINATING COMMITTEE.
(DOUGLAS F. PRICE)